UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANN TUM, | CIVIL ACTION NO. 5:20-224-KKC |
| **Plaintiff,** | |
| V. | **MEMORANDUM ORDER** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants' motion to remand the naturalization application at issue[1] on the basis of new factual development. (DE 16). Defendants concede that this motion to remand "supersedes" its prior motion to dismiss (*see* DE 8) because "the issuance of the corrected form effectively moots the controversy at issue." (*Id*. at 1).

The United States Citizenship and Immigration Services (USCIS) is an agency of the United States Department of Homeland Security that administers the country's naturalization and immigration system. (DE 1 at 4, ¶ 13) On April 20, 2020, USCIS denied Plaintiff, Ann Tum, the right to be naturalized as a United States citizen pursuant to the military naturalization statute, 8 U.S.C. § 1440(a).[2] On May 28, 2020, Plaintiff initiated this lawsuit, asserting that her "uncharacterized" discharge was, indeed, a separation under honorable conditions. (DE 1). Defendants moved to dismiss this case, on August 10, 2020, on

---

[1] This matter is before the Court for *de novo* review in accord with 8 U.S.C. § 1421(c).
[2] This statute provides for the naturalization of certain persons who have served honorably in a branch of the U.S. military during a designated period of hostilities and were separated under honorable conditions. *See* 8. U.S.C. § 1440a.

grounds that the DD Form 214, the official Army record of her separation from the service[3] demonstrated that her discharge was uncharacterized and *not* honorable. (DE 8).

On December 18, 2020 the Army Review Boards Agency voided the DD-214 issued to Plaintiff on February 19, 2019, and issued a corrected DD-214, signed by Yvonne J. Foskey, HR Specialist, and dated December 23, 2020, and setting forth that Plaintiff's discharge was "honorable." (*See* DE 15-3). Plaintiff now moves for a partial summary judgment finding that she has met the requirements for naturalization and is entitled to such proceedings. (DE 15). Defendants move to remand to USCIS on this basis. (DE 16).

Accordingly, having considered the new developments in the record and being sufficiently advised, the Court hereby ORDERS that:

1. Defendants' motion to dismiss (DE 8) is DENIED as moot.
2. Plaintiff is DIRECTED to file a response to Defendants' motion to remand (DE 16) no later than 7 DAYS from the entry of this Order. Additionally, Plaintiff SHALL address her pending motion for partial summary judgment (DE 15) and whether there are any outstanding issues the Court still needs to address.

Dated February 1, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[3] According to USCIS policy, only "Honorable" and "General-Under Honorable Conditions" discharge types qualify as separations under honorable conditions for purposes of 8 U.S.C. § 1440. USCIS Policy Manual Vol. 12, Part I, Chap. 3.